Clyde Lacy RATTLER, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civil Action No. 10–1484.

United States District Court, District of Columbia.

Aug. 31, 2010.

Clyde Lacy Rattler, Washington, DC, pro se.

## *MEMORANDUM OPINION*

REGGIE B. WALTON, District Judge.

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff alleges that he filed a claim for Social Security benefits in 1983, Compl. at 2, and that he is entitled to such benefits because of his mental and physical impairments, *see id.* at 3. Attached to his complaint are hospital records from 1958 and 1964. *See id.*, Attach. He demands that the Court award him "a check in the amount of a [sic] unlimited sum of money[,] supernatural powers[,] and the right to be awarded benefits ... as many times [as he] wish[es]," *id.* at 4.

The court must dismiss a case "at any time if the court determines that ... the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(d)(2)(B). Judges have "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see Brandon v. Dist. of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C.Cir. 1984) (finding that a complaint may be dismissed as frivolous when it lacks "an arguable basis in law and fact"). The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless. For this reason, the complaint is frivolous

and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.